# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SHANNAN C.[1]**, | Case No. 1:19-cv-784-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **ANDREW M. SAUL,** Commissioner of Social Security, | |
| Defendant. | |

Tim Wilborn, WILBORN LAW OFFICE, PC, P.O. Box 370578, Las Vegas, NV 89137. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Sarah Moum, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Shannan C. brings this action pursuant to § 205(g) of the Social Security Act

("the Act"), *as amended*, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income disability benefits ("SSI") under Title II of the Act. For the reasons that follow, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff applied for DIB and SSI on March 18, 2016. AR 13. In her application, she alleged disability beginning July 16, 2015. *Id*. Plaintiff's claim was denied initially on May 6, 2016 and upon reconsideration on September 8, 2016. *Id*. Plaintiff appealed and testified at a hearing held before an Administrative Law Judge ("ALJ"). On July 12, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. AR 10-22. Plaintiff timely appealed the ALJ's decision to the Appeals Council, which denied the request for review, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). AR 1. Plaintiff was born on June 7, 1978, making her 37 years old at the time of the alleged disability onset. AR 53.

### B. The Sequential Analysis

A claimant is disabled if that claimant cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

> 1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.    Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.    Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.    Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also*

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966

(describing "work which exists in the national economy"). If the Commissioner fails to meet this

burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however,

the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54;

*Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

At step one of the sequential analysis, the ALJ found that Plaintiff met the insured status

requirements of the Social Security Act and had not engaged in substantial gainful activity since

the date of alleged disability onset. AR 16. At step two, the ALJ found that Plaintiff has the

following severe impairments: Crohn's disease, fibromyalgia, ulcerative colitis, obesity, bilateral

carpal tunnel syndrome, and pain amplification syndrome. AR 16-17. At step three, the ALJ

determined that Plaintiff does not have an impairment that meets or medically equals one of the

listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 17, 14.[2]

At step four, the ALJ determined Plaintiff's RFC and found that Plaintiff could perform

> sedentary work as defmed in 20 CFR 404.1567(a) and 416.967(a) -
> she can lift 10 pounds occasionally and frequently. She can sit for
> six hours in an eight-hour day, and stand or walk for two hours
> each in an eight-hour day, while remaining on task. She can
> frequently climb ramps stairs, ladders, ropes and scaffolds. She can
> frequently balance. She can occasionally crawl. She can frequently

---

[2] The Court notes that the Administrative Record uploaded in ECF (ECF 9) includes a pagination mistake. Page 5 of 10 of the ALJ's opinion is stamped as AR 14 and is followed by pages 2, 3, 4, and 6 of the opinion.

handle and finger with the bilateral upper extremities. She must
avoid concentrated exposure to hazards.

AR 14. Based on these limitations, the ALJ found that Plaintiff could not perform any of her past

relevant work. AR 20-21. The ALJ proceeded to step five and found that, considering Plaintiff's

age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant

numbers in the national economy, specifically the jobs of electronics worker, hand finisher, and

inspector (hand finisher). AR 21-22. The ALJ thus concluded that Plaintiff was not disabled. AR

22.

## DISCUSSION

### A.  Dr. Mougey's Opinion

The ALJ gave no weight to Dr. Adam Mougey's opinion because "the extreme

limitations that he outlines are inconsistent with the overall medical evidence of record, which

shows that [Plaintiff's] carpal tunnel was moderate in nature, with more recent physical

examinations showing full range of motion and intact strength. Furthermore, the record shows

that her Crohn's disease has been generally controlled with medication." AR 20. Plaintiff

contends that the rejection of Dr. Mougey's opinion was in error.

The ALJ is responsible for resolving conflicts in the medical record, including conflicts

among physicians' opinions. *Carmickle*, 533 F.3d at 1164. The Ninth Circuit distinguishes

between the opinions of three types of physicians: treating physicians, examining physicians, and

non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, "a

treating physician's opinion carries more weight than an examining physician's, and an

examining physician's opinion carries more weight than a reviewing physician's." *Holohan v.*

*Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by

medically acceptable techniques and is not inconsistent with other substantial evidence in the

record, the treating physician's opinion is given controlling weight. *Id.*; *see also* 20 C.F.R.

§ 404.1527(d)(2). A treating doctor's opinion that is not contradicted by the opinion of another

physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc.*

*Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the

opinion of another physician, the ALJ must provide "specific and legitimate reasons" for

discrediting the treating doctor's opinion. *Id.*

Specific, legitimate reasons for rejecting a physician's opinion may include its reliance

on a claimant's discredited subjective complaints, inconsistency with medical records,

inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or

that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray*, 554

F.3d at 1228; *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at

1042-43. An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while

doing nothing more than ignoring it, asserting without explanation that another medical opinion

is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive

basis" for the ALJ's conclusion. *Garrison*¸ 759 F.3d at 1013; *see also Smolen*, 80 F.3d at 1286

(noting that an ALJ effectively rejects an opinion when he or she ignores it).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and

thorough summary of the facts and conflicting clinical evidence, stating his interpretation

thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). In

other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own

interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d

at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). "[T]he opinion of a non-

examining medical advisor cannot by itself constitute substantial evidence that justifies the

rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted); *but see id*. at 600 (opinions of non-treating or nonexamining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record).

Dr. Mougey was Plaintiff's treating physician, and Plaintiff urges the Court to apply the "clear and convincing" standard to the ALJ's rejection of Dr. Mougey's opinion. That opinion, however, was contradicted by Dr. Jeffrey Merrill, the state consultative expert, who opined that the objective medical evidence alone did not substantiate Plaintiff's statements about the intensity, persistence, and functionally limiting effects of her symptoms. AR 61. As a result, the Court applies the less-demanding "specific and legitimate" standard to the ALJ's rejection of Dr. Mougey's opinion.

The ALJ met that standard. The ALJ explained that he rejected Dr. Mougey's opinion because

> the extreme limitations that he outlines are inconsistent with the overall medical evidence of record, which shows that her carpal tunnel was moderate in nature, with more recent physical examinations showing full range of motion and intact strength. Furthermore, the record shows that her Crohn's disease has been generally controlled with medication.

AR 20. Elsewhere in the ALJ's opinion, he discusses the medical evidence in detail. For example, the ALJ writes that despite Plaintiff's fibromyalgia and carpal tunnel, "her range of motion was generally normal" and she exhibited "a normal gait, muscle strength, sensation and reflexes." AR 19. The ALJ also describes Plaintiff's treatment as "very conservative, largely prescription medicine," and that despite Plaintiff's claim that she suffers severe side effects from her treatments, the record reflects that she "generally tolerated her treatments" and that with the treatments her Crohn's disease symptoms were "well controlled." AR 19-20. Although a

reasonable person could credit Dr. Mousey's opinion, the Court must defer to the ALJ's judgment so long as the ALJ provides specific and legitimate reasons, supported by substantial evidence, for rejecting the opinion. The ALJ has met this standard here.

## B. Plaintiff's Testimony

Plaintiff alleges that the ALJ failed to provide specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom testimony. A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25 2017).[3] There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must

---

[3] Effective March 28, 2016, Social Security Ruling (SSR) 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because, however, case law references the term "credibility," it may be used in this Opinion and Order.

state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Consideration of subjective symptom testimony "is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029, at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for discounting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 18. The ALJ also found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence in the record. *Id.* Specifically, the ALJ found that the medical record did not support the severity of Plaintiff's disabling claims; that Plaintiff's course of treatment was more conservative than would be expected of a totally disabled person; and that Plaintiff's activities of daily living undermine her symptom testimony.

### 1.  Objective Medical Evidence

An ALJ may consider the lack of corroborating objective medical evidence as one factor in "determining the severity of the claimant's pain." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ may not, however, reject subjective pain testimony solely because it was not fully corroborated by objective medical evidence. *Robbins*, 466 F.3d at 883; *see also* 20 C.F.R. § 404.1529(c)(2) (noting that the Commissioner will not "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements").

With respect to Plaintiff's Crohn's disease and ulcerative colitis, the ALJ noted Plaintiff's complaints of abdominal pain, daily vomiting, and frequent irregular bowel movements that

included loose stools and bleeding. AR 18. But the ALJ contends the objective medical record

does not support the extent of Plaintiff's complaints: the ALJ acknowledges a colonoscopy and

endoscopy from 2014 that showed mild to moderate symptoms but notes a 2015 colonoscopy

that revealed only normal findings with evidence of Crohn's disease in remission. AR 18-19. The

ALJ also states that

> more recent CT scans and medical imaging studies revealed no
> evidence of enteritis or acute abnormality, with only moderate
> stool burden. Furthermore, a colonoscopy from April 2017 was
> normal with no evidence of active disease, and an endoscopy
> showed no evidence of active disease. Moreover, physical
> examinations have demonstrated a soft abdomen without
> organomegaly or masses, but diffuse mild abdominal tenderness to
> palpation without rebound.

AR 19.

### 2. Conservative Treatment

The ALJ also justified discounting Plaintiff's subjective symptom testimony because the

ALJ considered Plaintiff's course of treatment to be conservative, consisting mainly of

prescription medication. Routine, conservative treatment can be enough to discount a claimant's

subjective testimony about the limitations caused by an impairment. *Parra v. Astrue*, 481 F.3d

742, 750-51 (9th Cir. 2007). Not seeking an "aggressive treatment program" permits the

inference that symptoms were not "as all-disabling" as the claimant reported. *Tommasetti v.

Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The amount of treatment is "an important indicator

of the intensity and persistence of [a claimant's] symptoms." 20 C.F.R. § 416.929(c)(3). If,

however, the claimant has a good reason for not seeking more aggressive treatment, conservative

treatment is not a proper basis for rejecting the claimant's subjective symptoms. *Carmickle v.

Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Plaintiff only briefly addresses this issue. She simply asserts that fibromyalgia and pain amplification syndrome "are the types of impairments for which 'conservative' treatment is often appropriate" and that "conservative treatment is *the only treatment there is* for fibromyalgia." ECF 15 at 5 (emphasis in original). But the ALJ, discussing the "conservative treatment" justification for discounting Plaintiff's symptom testimony, did not focus on Plaintiff's fibromyalgia or pain amplification syndrome. Rather, he discussed how the record reflected that with medication, Plaintiff's Crohn's disease was "well controlled" with periods of remission. Even if conservative treatment was not a valid reason for discounting Plaintiff's fibromyalgia testimony, it is a valid reason for discounting her Crohn's disease symptoms.

### 3.  Activities of Daily Living

The final reason the ALJ provided for discounting Plaintiff's symptom testimony was that her daily activities were inconsistent with the extend of Plaintiff's claimed symptoms. Daily living activities may provide a basis for discounting subjective symptoms if the plaintiff's activities either contradict his or her testimony or meet the threshold for transferable work skills. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). For daily activities to discount subjective symptom testimony, the activities do not need to be equivalent to full-time work; it is sufficient that the plaintiff's activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. A claimant, however, need not be utterly incapacitated to receive disability benefits, and completion of certain routine activities is insufficient to discount subjective symptom testimony. *See id.* at 1112-13 (noting that a "claimant need not vegetate in a dark room in order to be eligible for benefits" (quotation marks omitted)); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) ("One does not need to be 'utterly incapacitated' in order to be disabled."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a

plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989))); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity be inconsistent with the plaintiff's claimed limitations to be relevant to his or her credibility and noting that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"). Moreover, particularly with certain conditions, cycles of improvement may be a common occurrence, and it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding that a plaintiff is capable of working. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).

The ALJ noted that Plaintiff was able to "perform adequate self-care, help to care for her daughter, care for her dog, prepare simple meals, do household chores, drive a car, read, handle her finances, get along with her family, and go out to the store." AR 20. Plaintiff contends that these activities are not inconsistent with any of Plaintiff's specific claimed limitations and notes that the Act does not require that disability claimants be utterly incapacitated. The Court agrees that these daily activities alone would not constitute a "clear and convincing" reason for rejecting Plaintiff's subjective symptom testimony because they are mundane and not particularly onerous. But when considered alongside Plaintiff's conservative treatment for her Crohn's disease symptoms and the ambiguities of the objective medical evidence, the ALJ has satisfied the proper legal standard by providing specific, clear, and convincing reasons to discount Plaintiff's testimony.

### C. Step Five

Plaintiff contends that her RFC, as calculated by the ALJ, precludes Plaintiff from employment in any of the jobs the ALJ identified at step five. The ALJ found that Plaintiff was capable of sedentary work, but the Dictionary of Occupational Titles ("DOT") categorizes as "light work" all the jobs identified at step five: electronics worker, hand finisher, and inspector (hand finisher). AR 14, AR 21-22; *see* Dictionary of Occupational Titles (1991), *available at* 1991 WL 645958.

Although the jobs listed at stage five are considered "light work," the VE explained that this was because "generally they're considered to be standing jobs." AR 48. The VE further explained, however, that these jobs could be performed in a seated position, and do not require more than two hours of standing or walking. *Id.* Plaintiff argues that the VE proposed a reasonable accommodation, and an ALJ cannot consider potential reasonable accommodations in determining whether a claimant is disabled. *See Cleveland v. Policy Management Sys. Corp.*, 526 U.S. 795 (1999). The implementing regulations for the Americans with Disabilities Act states that "reasonable accommodations" are such things as "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations." *Id.*, citing 42 U.S.C. § 12111(9)(B). The VE did not suggest that a reasonable accommodation would allow Plaintiff to perform these jobs; he merely noted that the jobs could be performed in a seated position.

Plaintiff also objects that these jobs would exceed the lifting limitations of the RFC. But the vocational expert made clear that "there's not a lot of lifting in any of these positions or any of the jobs that I mentioned. So they would still remain." *Id*. The vocational expert then suggested a 10% reduction "just to keep it within the lifting limitations." AR 48-49. Plaintiff also asserts that these

jobs may require a production pace inconsistent with sedentary work but cites no authority. Neither the RFC nor the regulations referenced by the ALJ in the RFC include a production pace limitation.[4] Plaintiff's assertion of error lacks merit.

Plaintiff finally arguess that the RFC and hypothetical are deficient because they lack limitations from Plaintiff or Dr. Mougey. But because Plaintiff has not shown that the ALJ erred in evaluating Plaintiff's testimony or Dr. Mougey's opinion, she has not shown any error that adversely affected the RFC, the hypothetical question, or the ALJ's finding at step five. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-1176 (9th Cir. 2008). The ALJ's decision does not contain reversible legal error.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 26th day of May, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).